JUAN HIGINIO FONT, Appellant, v. REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 1014. Submitted January 26, 1938.—Decided March 17, 1938.

*Miguel Marcos Morales* for appellant. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

A public deed executed before the Notary Miguel Marcos Morales on June 5, 1935, was presented for record in the Registry of Property of Guayama. By this deed the district marshal sold a town lot situated in Cayey, to Juan Higinio Font, in execution of a judgment entered by the District Court of Guayama in a suit therein pending, brought by the same Juan Higinio Font against Juan Bautista Arguinzonis for foreclosure of mortgage in an ordinary action. The registrar refused to record the document—

"for the reason that the sale at public auction of the property in this case was made in a mortgage foreclosure proceeding in an ordinary action, and the property was sold at the first sale for a lesser sum than that fixed in the mortgage deed as the value of the property for the first sale, in violation of the provisions of Section 127

of the Mortgage Law, as amended by Act No. 69 of May 2, 1931, under which a reduction in the minimum bid fixed by the parties cannot be made except in subsequent auctions, a cautionary note being made in lien thereof for the legal period...."

In other words, it is the contention of the registrar that even though a mortgage may be foreclosed not only by the summary proceeding provided for in the Mortgage Law but also by the ordinary suit provided for in the Code of Civil Procedure, the sale of the property must, from and after the date on which Act No. 69 of 1931 (Laws, p. 432) became effective, be in accordance with the rules laid down by Section 127 of the Mortgage Law as amended, whichever may be the procedure followed.

The purchaser, being dissatisfied, took this administrative appeal from the registrar's decision.

 It has been settled by decisions of this court since 1906 that it is not necessary to use the summary proceeding provided in the Mortgage Law for the collection of a debt secured by mortgage, and that the summary proceeding itself was affected by the act relating to judgments and the manner of satisfying them on March 9, 1905 (Code of Civil Procedure, 1933 ed., p. 123). In the case of *Giménez et al.* v. *Brenes,* 10 P.R.R. 124, it was held, as appears from the head-note, that:

"The Code of Civil Procedure in force requires that for the prosecution of an action, there shall be a cause of action, parties plaintiff and defendant, a trial and a final judgment, and that a special proceeding of a civil nature is an action.

"The summary proceedings for the recovery of mortgage debts is the result of a contract between the parties, wherein the prestations have been agreed to, as also the manner of enforcing them in case of noncompliance, and if such contract is not contrary to public policy, it must be upheld, thus respecting the expressed will of the parties.

"The summary proceedings established in the Mortgage Law and Regulations is not, by its nature and object, inconsistent with the ordinary proceeding of the Code of Civil Procedure, nor is there any conflict between the two.

"The special proceeding for the recovery of debts continues in force as to the first part thereof, namely, up to and including the' provisions in regard to the demand for the payment of the debt, but is has been repealed as to that portion which might be known as compulsory proceedings, that is, that portion having reference to the sale of the encumbered property, which must come entirely under the act of March 9, 1905, relating to judgments and the manner of satisfying them."

Years passed. The practice so established was approved in a goodly number of decisions subsequent to that of *Giménez et al.* v. *Brenes,* supra, until in 1931, the legislature approved Act No. 69, on which the registrar bases his decision, and which in so far as material provides:

"Section 1.—Article 127 of the Mortgage Law in force, is hereby amended to read as follows:

" 'The mortgage deed shall state the value at which the contracting parties appraise the estate, in order that it may serve as a basis for the first public sale which may be made, in the event that, the term of the loan having expired, the registry of the property does not show the payment of said loan.

" 'Should the first public sale fail to produce an award or adjudication, two-thirds of the value at which the contracting parties appraise the estate shall serve as a basis for the second public sale, but when said two-thirds part do not exceed the amount of preferred liabilities, such amount shall be the minimum limit of admissible bids.

" 'Should there be no award or adjudication at the second public sale, the basis for such other sales as may be held shall be the total amount of the preferred credits.'

"Section 2.—The provisions of the Act of March 9, 1905, relative to judgments and the satisfaction thereof, so far as they conflict with the provisions of article 127 of the Mortgage Law as amended by the preceding article, and all other laws or parts of laws in conflict herewith, are hereby repealed."

There is no doubt that the statute is applicable to mortgage foreclosures when the procedure provided in the Mortgage Law is followed. The Act of March 9, 1905 (Laws, p. 115; Comp. 5295–5303) relating to judgments and the manner of satisfying them, which had been applied in lieu

of Section 127 of the Mortgage Law under the rules laid down in the case of *Giménez et al* v. *Brenes,* supra, ceased to be so applicable from and after the date on which Act No. 69 of 1931 became effective. From that time on the summary proceeding was governed entirely by the provisions of the Mortgage Law. This does not mean, however, that the Act of 1905 relating to judgments and the manner of satisfying them was entirely repealed. It remained in full force as the statute fixing the procedure to be followed for the satisfaction of *judgments* in actions for the foreclosure of mortgages, actions which cannot be other than those brought under the general provisions of the Code of Civil Procedure. The action here, in which the judgment was entered in execution of which the mortgaged house was sold, was such an action.

The fact that at the time of the constitution of a mortgage the contracting parties appraise the estate in order that such appraisal may serve as a basis for the first public sale, as in this case, does not mean that the creditor waives his right to bring an ordinary action for the collection of the debt, ignoring the special security constituted in his favor by the debtor, or to foreclose the mortgage in an ordinary suit. The appraisal is made only in order to permit the creditor to collect the debt by the summary proceeding provided in the Mortgage Law. As we said in *Emanuelli* v. *Court,* 49 P.R.R. 756, 761, interpreting Act No. 69 of 1931:

"Said act was in force at the time the mortgage in question was constituted and conclusive upon the question. As we have said, it requires that the appraisement of the mortgaged property be stated in the mortgage deed. If it does not appear, the contract will not be avoided on that account, but the creditor cannot foreclose his credit by the summary proceeding provided by the Mortgage Law and supplemented by its regulations."

Our construction finds support in the case of *Ceide v. Suárez,* 49 P.R.R. 633. In that case this court, speaking through Mr. Justice Wolf, said with respect to the statute in question:

"The Mortgage Law perhaps only specifically refers to a recover under the summary process therein defined, but we have held in a number of cases that a creditor nevertheless has the right to pursue an ordinary remedy in foreclosure of a mortgage. *Montes de Oca* v. *Báez et al.*, 23 P.R.R. 656; *Hermanitas de Los Ancianos* v. *Piñero,* 45 P.R.R. 591. We held so despite the positive provisions of the Mortgage Law with regard to the summary process.

"A mortgage necessarily is a subsidiary contract to secure the performance of a primary obligation, and therefore a creditor does not have to rely on his security, but may proceed to recover the debt in an ordinary action, as in this case. We may repeat that a creditor does not have to rely on his security.

"The appellants, however, insist that up to 1931 a creditor could elect between the summary process of the Mortgage Law and an ordinary suit to foreclose a mortgage. Appellants maintain that all this was changed by Act No. 69 of 1931. Now, the effect of that Act was to restore section 127 of the Mortgage Law to the same state that it was before 1905 when the proceeding, known as '*Vía de apremio*' was altered. See *Giménez et al.* v. *Brenes,* 10 P.R.R. 124 and *Porto Rico Leaf Tobacco* v. *Aldrey,* 13 P.R.R. 228. A reading of some of the cases already cited will show that our reasons for holding that an ordinary suit to foreclose a mortgage could be exercised did not depend upon the suppression of section 127 of the Mortgage Law."

If it had not been said in the opinion that "The language" (of Act No. 69) "refers, we think, principally to the summary proceeding, or perhaps in some measure to the ordinary suit in foreclosure, . . ." the question here raised by the registrar would have been finally disposed of against him.

We shall now dispel all doubt and, since it appears from a study of all our decisions upon the matter that "our reasons for holding than an ordinary suit to foreclose a mortgage could be exercised did not depend upon the suppression of Section 127 of the Mortgage Law," we now hold that the reenact of that Section can and does affect only the special summary proceeding provided for in the Mortgage Law. The ordinary action for foreclosure of mortgages remains the same, and execution must be had in accordance

with the procedure laid down by the statute of 1905. The line is thus perfectly drawn.

Section 127 of the Mortgage Law is comprehended within the guaranty constituted by the debtor, since the debtor has no opportunity in the summary proceeding to defend himself. Demand is made upon him, and if he does not pay within the statutory period, a sale may be had without further proceedings. If, however, the creditor does not adopt this special proceeding, but goes to *trial,* the debtor has an opportunity at the trial to set up whatever defenses he may have. After full consideration of the law and the facts, the action is decided by judgment, and it is natural that execution should be had on the judgment so entered as such, that is, in accordance with the general rules laid down in the statute above mentioned, the "Act relating to judgments and the manner of satisfying them," of March 9, 1905.

The decision appealed from should therefore be reversed, with directions to the registrar to make the record requested.

Mr. Justice Córdova Dávila took no part in the decision of this case.